441 F.2d 1170
 INSURANCE COMPANY OF NORTH AMERICA and American Insurance
Company, Corporations, Appellees,
v.
Marilyn SCHAEFER, an Incompetent, by and Through Her
Guardian, Johanna Schaefer, Appellant.
 No. 71-1068.
 United States Court of Appeals, Eighth Circuit.
 May 24, 1971.
 
 George R. Gerhard, St. Louis, Mo., for appellant.
 William I. Rutherford, Lashly, Caruthers, Rava, Hyndman & Rutherford, St. Louis, Mo., for appellee, Insurance Co. of North America.
 Carl R. Gaertner, Heneghan, Roberts & Godfrey, St. Louis, Mo., for appellee, American Ins. Co.
 Before MATTHES, Chief Judge, GIBSON, Circuit Judge, and HENLEY, District Judge.[1]
 PER CURIAM.
 
 
 1
 This diversity litigation was generated by a collision on February 8, 1966, between a Jaguar automobile which was being driven and operated by Samuel N. Alexander and a motor truck. The vital question in controversy is whether prior to that date the title to the Jaguar had been conveyed to Alexander in conformity with the provisions of the applicable Missouri Statutes. Marilyn Schaefer, an occupant in the Jaguar at the time of the collision, sustained serious injuries which have rendered her incompetent. Her guardian asserted a claim for damages against Insurance Company of North America (INA), the insurance carrier for Classic Cars, Ltd., the dealer who had sold the Jaguar to Alexander and against American Insurance Company, the insurance carrier for Tower Grove Bank and Trust Company, the holder of the lien on the Jaguar. The guardian's claim was premised on the theory that the certificate of title to the automobile had not been transferred to Alexander in accordance with the mandates of the controlling Missouri Statutes, that Classic was the legal owner of the automobile on the crucial date, February 8, 1966, and, consequently, its insurance company was liable under the permissive user provision of its policy.
 
 
 2
 INA filed an action for declaratory judgment against the Administrator of the Estate of Samuel N. Alexander, deceased, and Marilyn Schaefer, through her guardian, Johanna Schaefer, seeking a declaration that its policy did not obligate it to provide coverage for the injuries sustained by Marilyn Schaefer. American Insurance Company intervened and it too sought a declaration that it was not liable under its policy.
 
 
 3
 There is no dispute over the facts. They have been stipulated and are accurately stated in the District Court's opinion reported at 321 F.Supp. 697 (E.D.Mo.1970). The District Court's opinion demonstrates that appellant's theory of liability was carefully explored and rejected. We are in full accord with the District Court's reasoning and conclusions. We therefore, affirm on the basis of its opinion.
 
 
 
 [1]
 Chief Judge, United States District Court, Eastern District of Arkansas, sitting by designation